BADGER LUMBER COMPANY, Appellant, v. JAS. E. McCOLGIN *et ux*, Respondents.

Kansas City Court of Appeals, November 18, 1895.

1.   Appellate Practice: JUDGMENT: AFFIRMANCE.  In this case the record is meager and the evidence preserved is sufficient to justify an inference that the judgment sought to be enforced by execution was paid; and the judgment, being for the right party, should be affirmed.

2.   Judgment: PAYMENT: JOINT DEBTOR.  A creditor may release one joint debtor without impairing his right to demand and collect the balance of such indebtedness from the other debtor.  But if from such release debtor he receives the full amount of his judgment, there is no balance to be collected from the other debtor.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

*Reed & James* for appellant.

(1)   "Creditor may compound with one of several debtors."   R. S. 1889, sec. 2392; *Baker v. Hunt*, 88 Mo. 405, 409, 410.   (2) That is, the statute applies to debt evidenced by judgment.   This statute is again passed on and upheld in *Montgomery County v. Auchley*, 103 Me. 492, par. I and II.

*Herbert A. Owen* and *Pike & Morton* for respondents.

(1)   Discharge of the judgment as to one was a discharge as to all defendants, whatever may have

been the intention of the parties. *Hull v. Sherwood*, 59 Mo. 173; *Bender v. Matney*, 122 Mo. 257; *O'Fiel v. King*, 23 S. W. Rep. 698; *Fulton v. Harrington*, 7 Houst. (Del.) 182. (2) Plaintiff can not have execution where *scire facias* will not lie. *Simpson v. Watson*, 15 Mo. App. 425–433; 2 Freeman on Judgments, secs. 443–447; *Greer v. Bank,* 10 Ark. 455; *Humphreys v. Lundy*, 37 Mo. 320; *Ingraham v. Champion*, 84 Wis. 235.

ELLISON, J.—Plaintiffs obtained a judgment before a justice of the peace against defendant James E. McColgin, and his wife, Martha A. McColgin, enforcing a mechanics' lien against the property of the wife. The judgment was not only special against the property, but was a general personal judgment against both husband and wife. Afterward there was, it seems, a sale of Mrs. McColgin's property under this judgment, the plaintiffs buying it in for $30, there being two mortgages prior to the mechanics' lien. There was a sale of the property under the second mortgage, one Kirtley becoming the purchaser in the interest of Mrs. McColgin. This sale brought more than the debt secured by this second mortgage. These plaintiffs claimed the surplus by reason of being the owners of the property by their purchase under the mechanics' lien judgment, and Mrs. McColgin claimed it, by reason of there being defects, as she contended, in the mechanics' lien proceeding. The plaintiffs and Mrs. McColgin finally compromised their differences by the surplus being paid to the plaintiffs and by plaintiffs making quitclaim deed to the property to Kirtley, who had bought in Mrs. McColgin's interest, as aforesaid, and by entering satisfaction of the mechanics' lien judgment as to Mrs. McColgin, the plaintiffs entering on the margin

of the record the following: "The within judgment is hereby satisfied and released as to Martha A. McColgin. Value received, Oct. 3, 1894." Afterward plaintiff had a general execution against James E. McColgin issued on said judgment, whereupon he filed his motion to quash, claiming that the above quoted entry of satisfaction satisfied the judgment as to him, as well as his codefendant. The trial court sustained his motion and plaintiffs appeal.

We do not find anything in this record, as shown in the abstract presented by plaintiffs, which will justify us in overturning the judgment of the trial court. No instructions were asked by either party, and we have nothing in the record, as presented in the abstract, which in any way shows upon what theory the trial court decided the case. The record is meager. The execution is not shown. There is no proof of a sale under the judgment, so as to show ownership in these plaintiffs of the property said to have been bought by them and which was subject to the mechanics' lien, except it appears incidentally in verbal testimony. The principal testimony, aside from the release of the judgment, is by one of the plaintiffs, and that is so indefinite and apparently contradictory, resulting, perhaps, from insufficient report, that it is difficult to say, from reading it, just what was intended to be stated as to several material matters. We are of the opinion, however, that the court may well have found, as the result of reasonable and proper inferences from his testimony, that the *judgment itself* was paid and discharged. Indeed, one part of his testimony contains the statement that he received the full amount of the original judgment, perhaps including interest, since the judgment was for $139.56, and he received from Mrs. McColgin $160, or $170. It seems to us evident, from the record preserved, that the trial court

found 'for the right party and the judgment ought to be affirmed.

Plaintiffs' principal point here is based upon section 2392, Revised Statutes, 1889, wherein it is enacted that a creditor may release one joint debtor for any sum which he may see fit, "without impairing his right to demand and collect the balance of such indebtedness from the other debtor." But if plaintiffs received from one debtor the *full* amount of the indebtedness, there would not be any "balance" remaining to collect from the other debtor. The court may have found that plaintiffs dealt with Mrs. McColgin as to the whole debt, without reference to any credit arising from the sale under the judgment, thus finding that plaintiffs dealt with Mrs. McColgin as her creditors only, as distinguished from being owners of the property and also creditors.

We have nothing to justify us in reversing the judgment, and it is accordingly affirmed.    All concur.